IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY ALAN PENTON,       )
                                   )
        Petitioner,       )
                                   )
     v.                )      CASE NO. 2:11-CV-429-WKW
                                   )
UNITED STATES OF       )         [WO]
AMERICA,                )
                                   )
        Respondent.     )

## MEMORANDUM OPINION AND ORDER

On September 19, 2013, the Magistrate Judge filed a Recommendation that this court deny Petitioner Jerry Alan Penton's 28 U.S.C. § 2255 motion. (Doc. # 24.) Mr. Penton filed a timely objection to the Recommendation. (Doc. # 29.) After careful consideration, the court finds that Mr. Penton's objection is due to be overruled and the Recommendation adopted.

## I. STANDARD OF REVIEW

The court reviews *de novo* "those portions of the . . . [R]ecommendation[] to which objection is made." *See* 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Mr. Penton filed his 28 U.S.C. § 2255 motion *pro se.* In the motion, Mr. Penton asserts that his trial and appellate counsel rendered ineffective assistance to him. The Magistrate Judge recommends that the motion be denied without an

evidentiary hearing pursuant Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.   (Doc. # 24, at 3.)   Counsel made an appearance to file Mr. Penton's sole objection that his allegations of ineffective assistance of counsel "must be explored through an evidentiary hearing" before the court can determine whether he is entitled to the relief that he seeks.   (Doc. # 29, at 4.)[1]

28 U.S.C. § 2255(b) directs district courts to conduct an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."   Thus, the district court is not required to hold an evidentiary hearing for every petitioner alleging ineffective assistance of counsel.   *See Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984).   To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient, and (2) he suffered prejudice as a result of the deficient performance.   *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court need not address "both components of the inquiry if the [petitioner] makes an insufficient showing on one."   *Id.* at 697.   To show prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for

---

[1] Also, in the objection, Mr. Penton's counsel complains that trial counsel filed "unsolicited Affidavits" in response to Mr. Penton's motion to vacate.   (Doc. # 29, at 1.) However, the court directed trial and appellate counsel to submit affidavits addressing Mr. Penton's claims.   (*See* Doc. # 2.)  Mr. Penton further asserts that "the Affidavit submitted . . . by his trial counsel is clearly intended to defend said trial counsel against allegations of ineffective assistance of counsel."  There is nothing objectionable about trial counsel providing a defense of his professional efforts on Mr. Penton's behalf.

counsel's unprofessional errors, the result of the proceeding[s] would have been different." *Id*. at 694.

Here, there is no reasonable probability that the outcome of Mr. Penton's trial or appeal would have been different if Mr. Penton's counsel had performed as Mr. Penton asserts that his counsel should have performed. Mr. Penton argues that he presented sufficient allegations of ineffective assistance of counsel against his former counsel to warrant an evidentiary hearing, but any issue of disputed fact between Mr. Penton and his former counsel is immaterial. Even where Mr. Penton's account of events differs from the affidavit testimony of his former counsel, Mr. Penton still fails to show any prejudice. Furthermore, Mr. Penton's objection does not point to specific claims that warrant an evidentiary hearing. For these reasons, the court finds the objection to be without merit.

### III. CONCLUSION

Based upon an independent and *de novo* review of the Recommendation to which Mr. Penton has objected, it is ORDERED as follows:

1.     Mr. Penton's Objection (Doc. # 29) is OVERRULED;

2.     The Recommendation of the Magistrate Judge (Doc. # 24) is ADOPTED;

3.     Mr. Penton's 28 U.S.C. § 2255 motion is DENIED with prejudice because his claims therein entitle him to no relief.

A separate judgment will be entered.

DONE this 13th day of November, 2013.

_____/s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE